## Jackson, *ex dem.* Eden, *against* Rathbone.

Judgment for   M. Wilkins, for the defendant, moved that the costs in
the plaintiff in this cause be taxed, and that the plaintiff's attorney refund
ejectment af-
firmed on er-
ror, and writ of inquiry to assess the plaintiff's damages intermediate judgment and affirm-
ance : *held*, that the plaintiff is entitled to supreme court costs, for the writ of inquiry, &c.,
without regard to the amount recovered thereon.
  Where a proceeding is in continuation of a suit carried to judgment, the costs of such pro-
ceeding follow, at the same rate with those allowed in the original suit.
  Form of writ of inquiry on affirmance of judgment in ejectment upon error under the sta-
tute, (1 R. L. 343, s. 3.)

to the defendant the excess which it should be found he had
paid to the plaintiff's attorney beyond what was legally due.
The plaintiff's bill of costs had been paid, on demand, without
taxation. This cause, which was ejectment, had been
removed by the defendant to the Court for the trial of Impeachments
and the correction of Errors, by a writ of error,
and the judgment therein, which was for the plaintiff in this
Court, had been affirmed; whereupon the plaintiff, on filing
the *remittitur*, had proceeded to execute an alias writ of inquiry,(a) pursuant to the statute, (1 R. L. 143, s. 3,) to as-

NEW YORK,
May, 1824.

Jackson
v
Rathbone.

(a, The writ was thus: "The People, &c. to the Sheriff of the city and
county of New York, Greeting; Whereas James Jackson, lately in our Supreme
Court of Judicature, before our Justices thereof, at, &c. on the 1st
Monday of January, A. D. 1823, by bill without our writ, and by the
judgment of the same Court, recovered against John Rathbone the possession
of his term then and yet to come, of and in 5 houses and lots of ground,
5 yards, &c. situate, &c. (*as in the first count of the declaration in eject-
ment*) which Medcef Eden theretofore, to wit, on the 1st day of May, &c.
had demised, &c. to have and to hold, &c. (*as in that count,*) and also possession
of his term then and yet to come, of and in other 5 houses, &c.
(*pursuing the second count,*) and also, &c. (*going through with each count
in the same manner,*) whereof the said John Rathbone is convicted, as appears
to us of record: and whereas, also, afterwards, to wit, on the 17th day of
December, A. D. 1823, in our Court for the trial of Impeachments and the
correction of Errors, at the Capitol in the city of Albany, before the President
of the Senate, the Senators and Chancellor, it was considered that
the judgment aforesaid should be in all things affirmed; as by the record
and proceedings thereof, in our Supreme Court of Judicature, before
our Justices thereof; unto our said Court for the trial of Impeachments
and the correction of Errors, by virtue of our writ of error, by the said
John Rathbone of and upon the premises, before the President of the
Senate, the Senators and Chancellor aforesaid, in the said Court for the trial
of Impeachments and the correction of Errors, prosecuted, transmitted,
and afterwards out of the same Court for the trial of Impeachments and
the correction of Errors, unto our said Supreme Court of Judicature, before
our Justices thereof, at the Capitol in the city of Albany, duly remitted,
and there now of record remaining, more fully appears: and the said
James Jackson, according to the form of the statute in such case made and
provided, ought to recover his damages for the mesne profits of the tenements
aforesaid, with the appurtenances, and for waste in the same committed,
after the rendition of the judgment aforesaid; but because our
Court, now here, doth not know to how much the issues and profits of the
tenements aforesaid, with the appurtenances, from the day of the rendition
of the judgment aforesaid, to wit, the said 1st Monday of Jan., A. D. 1823,

NEW YORK,
May, 1824.

Jackson
v.
Rathbone.

certain the damages of the plaintiff intermediate the judg ment and affirmance ; and the demand of the plaintiff was for the costs of this proceeding.

One question was, whether the plaintiff was entitled to Supreme Court costs, or only Common Pleas costs, without regard to the amount found by the inquisition, as whether it was under 50 dollars, or over 50 and under 250 dollars. And it was contended, that as the act under which the plaintiff proceeded gave him *costs of suit*, it meant Common Pleas costs only, which were regulated by the statute, (1 R. L. 344, s. 4,) and the decision in *The case of costs*, (17 John. 109.)

*L. Mitchell*, contra.

*Curia.* The writ of inquiry is a continuation of the proceedings in the first suit. The recovery in that suit carrying Supreme Court costs, it follows that they must be allowed in all the subsequent proceedings for the purpose of carrying it into effect. With this intimation, we refer the bill for taxation to Mr. Irving, the First Judge of the Common Pleas of this city and county.

Rule accordingly.

until the said day of the affirmance of the judgment aforesaid, do amount, and what damages the said James Jackson hath sustained by reason of any waste in the same tenements, with the appurtenances, after the day of the rendition of the said judgment committed—We command you, *as before we have commanded you*, that, by good and lawful men of your bailiwick, you diligently inquire to how much the issues and profits of the tenements aforesaid, with the appurtenances, from the day of the rendition of the judgment aforesaid, unto the said day of the affirmance of the judgment aforesaid, do amount, according to the value of the same tenements, with the appurtenances ; and also what damage the said James Jackson hath sustained by reason of any waste in the same tenements, with the appurtenances, from the said day of the rendition of the judgment aforesaid unto the said day of the affirmance of that judgment committed ; and the inquisition which you shall thereon take, send to our Justices, &c. at, &c. on &c. under your seal, and the seals of those on whose oaths you shall take that inquisition, together with this writ. Witness JOHN SAVAGE, Ch. Jus tice, &c. at &c. on, &c.